UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS<br>a/k/a NERRAH BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>Sheriff GREGORY J. AHERN,<br><br>    Respondent.<br>_____ / | No. C 12-543 SI (pr)<br><br>**ORDER FOR STATUS REPORT<br>FROM RESPONDENT** |

Keenan G. Wilkins, currently incarcerated at the Glenn Dyer Detention Facility, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Wilkins states that he has been in pre-trial custody for more than five years and that a "competency trial" was held in late 2011 at which a jury deadlocked on the question of his competency. *See* Docket # 1, p. 9. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts ("Rule 4").

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Rule 4 allows the court to "order the respondent to file an answer, motion, or other response within a fixed time." This case calls for use of Rule 4's "other response" option because it is not clear from Wilkins' filings why he has been in pretrial custody for five years and what is happening in his criminal case.

A pretrial habeas petition is permissible, but principles of federalism and comity require

that this court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. *See Carden v. Montana*, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980); *see also Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The court might better understand Wilkins' situation – and be better able to determine whether special circumstances warranting federal intervention exist – if respondent provides some background information. The court therefore will require respondent to file and serve a status report and exhibits to provide information about Wilkins' current status and the criminal case against him. The status report must be filed and served no later than **May 25, 2012**, and should answer these questions and provide these documents:

1. What is the status of Wilkins' criminal case in Alameda County Superior Court (e.g., pending, acquittal, conviction, or suspended related to his current mental state)? What are the pending charges? Has a trial date been set? (Wilkins identified his case as Alameda County Superior Court Case No. H46293.)

2. What is the status of proceedings to determine whether Wilkins is competent to stand trial? In light of the reported jury deadlock at the November-December 2011 trial on the issue of competence, has another trial or hearing date been set?

3. Please provide a copy of these three documents from *In re Nerrah Brown (aka Keenan Wilkins) on Habeas Corpus*, California Supreme Court Case No. S188689: (a) the informal response filed by respondent on March 4, 2011; (b) the reply to informal response filed by petitioner on March 24, 2011; and (c) the court's April 27, 2011 order denying the petition.

The clerk shall serve by certified mail a copy of this order and the contents of the case file for this action upon respondent, as well as the Alameda County District Attorney and the Attorney General of the State of California. The clerk also shall serve a copy on petitioner.

IT IS SO ORDERED.

DATED: April 3, 2012

_____
SUSAN ILLSTON
United States District Judge