UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEENAN G. WILKINS a/k/a
NERRAH BROWN,

    Petitioner,

v.

GREGORY J. AHERN, Sheriff,

    Respondent.

No. C 12-543 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Keenan G. Wilkins a/k/a Nerrah Brown, currently incarcerated in the Alameda County Jail, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Having considered the petition and other filings from Wilkins as well as the status report from respondent, the court determines that this action must be dismissed. The dismissal will be without prejudice to Wilkins filing a new action to challenge any future commitment order or conviction after first exhausting state court remedies. Wilkins' motions to stay the state court proceedings, for a temporary restraining order, and for appointment of counsel will be denied.

## BACKGROUND

In a criminal case pending against him in Alameda County Superior Court, Wilkins is charged with seven counts of robbery, seven counts of false imprisonment, and one count of making a criminal threat. He also is alleged to have suffered five prior strike convictions. Wilkins has been in custody on these charges since his arrest in March 2007. Although he has

been in custody for five years, no criminal trial has occurred due to significant mental competency issues for Wilkins.

Wilkins has been energetically challenging his custody. He filed numerous actions in the California courts, including at least two dozen petitions in the California Supreme Court. He also filed four petitions for writ of habeas corpus in federal court. Using his alias, Wilkins filed *Nerrah Brown v. Ahern*, Case No. C 10-1222 JF, in which he challenged pretrial proceedings. The district court determined that *Younger* abstention was appropriate and dismissed the petition. Wilkins also filed *Nerrah Brown v. Ahern*, Case No. 10-5331 JF, in which he asserted claims for denial of his rights to a speedy trial, due process, equal protection, and counsel. The district court determined that *Younger* abstention was appropriate and dismissed the petition. The Ninth Circuit affirmed the dismissal, holding that the federal court had to abstain from exercising habeas jurisdiction over Wilkins' pretrial petition. *Brown v. Ahern*, 676 F.3d 899 (9th Cir. 2012). While that appeal was pending, Wilkins filed this action.[1]

In his first amended petition for writ of habeas corpus, Wilkins asserted several claims: (1) his detention for more than a reasonable time needed to determine whether he would attain competency denied him his right to due process and right to be free from cruel and unusual punishment; (2) his right to be free from double jeopardy was violated because the jury deadlocked in his November 2011 competency trial; and (3) he is being denied his right to effective assistance of counsel because the superior court will not accept his assertion of a conflict between him and his attorney, who allegedly (a) caused the double jeopardy problem, (b) allowed the superior court to "unsuspend" proceedings knowing that Wilkins was not obtaining the medications the state mental hospital recommended, and (c) failed to file a

---

[1]Wilkins also filed *Wilkins v. Ahern*, Case No. 11-5626 SI, in which he challenged an expired 1999 conviction that might impact the sentence that will be imposed if he suffers a conviction on the currently pending charges. After the court dismissed the petition because Wilkins was not in custody on the conviction he sought to challenge, he moved for reconsideration and attempted to change the focus to be a challenge to his current detention. The court denied the motion for reconsideration because the petition clearly challenged the 1999 conviction, and explained that any claim about Willkins' current detention should be asserted in this action (i.e., Case No. C 12-543 SI). *See* Docket # 14 in Case No. C 11-5626. Wilkins then filed a motion to amend and a first amended petition in this action (i.e., Case No. C 12-543 SI).

declaration in the California Supreme Court in response to respondent's informal response to that court's inquiry in Wilkins' habeas action.

## DISCUSSION

A. <u>The Action Must Be Dismissed</u>

Principles of comity and federalism require that this court abstain and not entertain a pre-sentence habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir. 1983) (pretrial petition raising colorable claim of double jeopardy could be considered after petitioner exhausted state court remedies); *Finetti v. Harris*, 609 F.2d 594, 597-98 (2d Cir. 1979) (state prisoner seeking to challenge in federal court the constitutionality of the denial of state bail must do so by way of a petition for writ of habeas corpus and must first exhaust state remedies by presenting his claims to the highest state court available for review); *see generally Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances); *Brown*, 676 F.3d at 903 (federal court must abstain from exercising jurisdiction over a habeas petition raising a speedy trial claim; "[t]he only exceptions are 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or 'in other extraordinary circumstances where irreparable injury can be shown'").

Wilkins' petition for writ of habeas corpus must be dismissed as premature. He has not shown any special circumstances warranting federal intervention in his state criminal case. Although he alleges that there are "exceptional circumstances . . . due to harassment, bad faith, prosecution without hopes of a valid conviction," Docket # 11, p. 7, he fails to provide any facts supporting his conclusory allegations. Wilkins does not discuss the criminal charges pending against him, let alone provide any facts that suggest that the prosecution for the crimes is done to harass him or is being pursued in bad faith.

In some situations, a double jeopardy claim *might* warrant federal court intervention in a pending state criminal case. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992), *cert. denied*, 506 U.S. 1048 (1993) (federal court may entertain pretrial petition for a writ of habeas corpus that raises a colorable claim of double jeopardy before a final judgment is rendered in a state court). Although some double jeopardy claims may present exceptional circumstances, the double jeopardy claim asserted by Wilkins decidedly does not. Wilkins asserts that the jury's deadlock and subsequent declaration of a mistrial in the November 2011 trial on the issue of his competency resulted in a double jeopardy violation. He cites no federal or state authorities for his assertion that there is a double jeopardy problem. The declaration of a mistrial upon a deadlocked jury has been "'long considered the classic basis for a proper mistrial'" that does not bar a retrial. *Renico v. Lett*, 130 S. Ct. 1855, 1862-63 (2010); *Arizona v. Washington*, 434 U.S. 497, 509 (1978). Nothing alleged by Wilkins suggests that his rights under the Double Jeopardy Clause will be violated by a retrial following a mistrial based on a deadlocked jury at his first competency trial.

Wilkins' claim that he is being denied effective assistance of counsel does not warrant pretrial habeas consideration. There are no special circumstances warranting federal review of Wilkins' claims about attorney assistance at this time.

Wilkins' claim that his unreasonably long detention violates his right to due process and his right to be free from cruel and unusual punishment merits some discussion. Wilkins urges that his detention has no end in sight. He states that he has been put in an untenable position by being restored to competency with medication at the state mental hospital, only to have the medication stopped upon his return to the county jail to face a trial. *See* Docket # 11, pp. 7-9. He apparently fears being indefinitely bounced back and forth between the jail and mental hospital by repetition of a cycle in which he is determined to be incompetent, then medicated to restore his competence, then deprived of that medication and slipping back into incompetence, at which time the cycle begins again with a new determination of incompetence. This

compelling tale has a problem: it does not accurately describe the *current* situation.[2] According to records submitted by Wilkins, he initially may have been deprived of the psychotropic medications upon his return to the jail in March 2008, but later was given those medications.

The record before this court presents a very incomplete chronology of the events in Wilkins' criminal case and related competency proceedings. The record that does exist shows the following:  Wilkins was arrested in March 2007 and put in jail. On June 27, 2007, Wilkins was found incompetent to stand trial, and was sent to Atascadero State Hospital. Docket # 12-1, p. 5. On March 10, 2008, Wilkins was returned to the county jail on psychotropic medication, with a recommendation from the Atascadero medical director that he remain on this medication. Docket # 1-1, p. 2. Jail officials did not give Wilkins the medication recommended by the Atascadero medical director. This was due to a jail policy against giving inmates seroquel due to the drug's abuse potential and/or because doctors at the jail determined Wilkins did not need the drug. Docket # 1-1, pp. 5-6. Jail doctors eventually gave him the medication. Later, Wilkins' medication was stopped for a new reason: Wilkins was hoarding pills. Respondent described the situation in a March 4, 2011 filing in the California Supreme Court:

> Petitioner's access to psychotropic medications was temporarily suspended on May 5, 2010, when an inspection revealed that he had been stockpiling, rather than taking, those medications. Routine procedures required that petitioner undergo a medical evaluation before his access to the medications could be re-initiated. This was, in part, to ensure proper blood levels of the medications, which is a concern whenever there is evidence of stockpiling. Petitioner was scheduled to undergo such a medical evaluation on May 12, 2010. Petitioner refused that medical evaluation, and he has refused every subsequent attempt to examine him. . . . Thus, access to the medication is within petitioner's control.

Docket # 12-1, p. 6; *see also* Docket # 14-2, pp. 2-3 (Cedergren Declaration describing medication discontinuation on May 5, 2010, and plaintiff's later refusals to participate in 15+ scheduled appointments to evaluate him prior to reinstating or updating the prescribed medications); Docket # 14-5 (doctors' progress notes discussing 2010 discontinuation of

---

[2]Wilkins' statements that psychotropic medications were stopped upon his return to the county jail prompted this court to request a status report and certain documents from respondent. Similar statements by Wilkins apparently caught the attention of the California Supreme Court, as that court required respondent to file an informal response to specific questions about the medication. *See* Docket # 13 (First Amended Petition, Ex. C). After respondent filed the informal response and petitioner filed a response, the California Supreme Court denied Wilkins' petition. *See* Docket #s 12-1 to 12-6 (Respondent's Status Report, Exs. 1-3).

medications). The California Supreme Court denied Wilkins' petition on April 27, 2011. Docket # 12-6. Meanwhile, on February 25, 2011, the Alameda County Superior Court found that Wilkins was competent to stand trial. It is not clear what happened in the trial court during the following eight months. In November - December 2011, a trial was held to determine whether he was incompetent. The jury deadlocked, and a mistrial was declared. A retrial on the incompetency question was scheduled to start on May 29, 2012, although it recently was continued to June 15, 2012. *See* Docket # 17.

Having reviewed the materials, the court concludes that the alleged deprivation of the necessary psychotropic medication upon Wilkins' return to jail is not a continuing problem. Jail officials later provided the allegedly necessary medication, although they stopped those medications when evidence developed that Wilkins was not consuming the medication he was being given. The temporary cessation of medications in 2008, and Wilkins' claim of a due process violation based thereon, do not now present an extraordinary circumstance that warrants the kind of interference with state court proceedings that would result from this court entertaining a pretrial habeas petition. Further, Wilkins' worry about possibly indefinite pretrial detention is not realistic today because a competency trial is imminent, and that trial likely will result in a commitment to a state mental hospital or his criminal trial being set. *See generally* Cal. Penal Code § 1370 (procedures for resolution of questions of mental competence). Wilkins has not shown exceptional circumstances and has not shown that the state criminal court does not afford him "an opportunity to raise his constitutional claims." *Younger*, 401 U.S. at 49. The court will abstain under *Younger*, and dismiss this action for writ of habeas corpus.

B.      Miscellaneous Motions

Wilkins' request for leave to amend the petition is GRANTED. (Docket # 10.) The first amended petition (Docket # 11) filed by Wilkins has been filed and is the operative pleading in this action.

Wilkins's motions for a stay of the state court proceedings and request for a temporary restraining order against a second competency trial are DENIED. (Docket # 4, # 5, # 8.) In

these motions, he argues that a stay is necessary so that the court can exercise its habeas jurisdiction in a meaningful way. As explained in the preceding section, *Younger* abstention is appropriate and this action will be dismissed. The same principles of comity and federalism that require dismissal of the pretrial habeas petition also require this court not to interfere with the ongoing state criminal proceedings by granting injunctive relief in the form of a stay or restraining a second competency trial.

Wilkins's request for appointment of counsel to represent him in this action is DENIED. (Docket # 9, # 16.) Appointment of counsel is not warranted in this action which is being dismissed today. Wilkins also indicates that he wants new counsel appointed in his state criminal case. The federal court does not appoint counsel to represent a litigant in state court.

## CONCLUSION

This action is dismissed without prejudice to Wilkins filing a new petition for writ of habeas corpus if he is ever convicted or committed to a state mental hospital, but only after he exhausts state court remedies as to his federal constitutional claims.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: June 4, 2012

SUSAN ILLSTON
United States District Judge